## CHARLES MUNN v. STATE.

No. A-499. Opinion Filed March 21, 1911.

(114 Pac. 272.)

1. JURY—Jury Commissioners—Appointment A resident district judge is authorized by law to appoint jury commissioners, and when the appointment is made, and it later develops that a portion or all of the commissioners appointed are disqualified to serve, a subsequent appointment of three additional commissioners is proper.

2. JURY—Objection to Panel—Burden of Proof. On a motion to set aside the jury panel on the ground that the jury commissioners were improperly appointed and the jury improperly drawn, the burden is on the persons attacking the regularity of the proceedings to establish their contention and when this is not done, the motion to set aside should be overruled.

3. TRIAL—Preliminary Proceedings—Postponement. The trial court hearing a preliminary motion properly overrules a request for time, where no diligence is shown on the part of the party seeking to offer testimony to secure it. and have it present.

4. INFORMATION—Motion to Set Aside—Grounds—Verification. A motion to set aside an information on the ground that the person verifying it did not have positive knowledge of the acts set forth in the information is properly overruled, where the verification is positive and regular.

5. INFORMATION—Verification—Motion to Set Aside. When the body of the oath of the verification to an information contains a Christian name, and the oath is signed by the initials of the person verifying, and no question is raised as to the persons being one and the same during the trial, and the record fails to show that the person complained of by the information was in any wise misled or injured, the verification will be held sufficient. If such verification is to be attacked, it should be done by mo-

tion to set aside the information. and proof introduced to show that the persons are not one and the same.

6. **INTOXICATING LIQUORS—Prosecution—Evidence—Sufficiency.** When a person is charged with the violation of the prohibitory law, and witnesses for the state testify that the appellant had a grip of whisky, and on cross-examination state that the bottles were labeled whisky, and the liquid in them looked red and looked like whisky, and the jury finds the defendant guilty, and no proof is offered by the defendant on this proposition. the verdict will not be disturbed.

7. **SAME.** When a person is charged with conveying intoxicating liquors from a point unknown to some definite point named, and the proof shows that the person so charged when first discovered was conveying whisky, and fails to show from what definite point he started with it, it is sufficient to sustain the allegation.

8. **INTOXICATING LIQUORS—Conveyance Within State—Information—Variance.** When an information charges a person with unlawfully conveying whisky from one point in this state to another point therein, and alleges from a point unknown to some definite point given, and the proof develops that. the county attorney did know what point the whisky was conveyed from, the variance would be fatal. The proof in this case held to sustain the allegation of the information.

(Syllabus by the Court.)

*Appeal from Jefferson County Court; G. M. Bond, Judge.*

Charles Munn was convicted of conveying intoxicating liquors, and appeals. Affirmed.

*Bridges & Vertrees,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. Appellant was tried at the October, 1909, term of the county court in Jefferson county, and convicted of conveying intoxicating liquors from one point in this state to another point within the state. He was found guilty by a jury, and his punishment fixed at imprisonment in the county jail for 30 days and a fine of $50.

When the case was called for trial, the appellant moved to quash the jury panel, and offered certain proof in an effort to show that the jury commissioners were not properly appointed. The proof shows that three commissioners were originally appointed by Hon. Frank M. Bailey, judge of the district court of the

Fifteenth judicial district, that two of the commissioners were disqualified by reason of the fact that they were interested in litigation pending in the district court, and one of them was sick and and out of the state, the testimony tending to show he was in Hot Springs, Ark. Within a few weeks Judge Bailey appointed three additional commissioners who selected the jury list from which the panel objected to was drawn. The record before us does not show whether the district judge set aside the order appointing the first commissioners before the second were appointed or not. It would probably have been better practice to do this, and for aught we know this was done, but, if it had not been done, the appellant has absolutely failed to show where he was prejudiced in the appointment of the commissioners who selected this jury in any manner.

At the close of the testimony offered by the appellant, he asked for further time in which to secure additional testimony. The court overruled the request and exception was saved. We think the court properly overruled the request. The case had been pending for a long time. The appellant should have had his witnesses present if he wanted to introduce them, or at least have made a diligent effort to secure them. He had not even asked a subpoena for his witnesses. There is no showing sufficient to entitle him to delay, and nothing in the record that indicates that he was deprived of a fair opportunity to present his proof. The courts are not required to adjourn in order to give persons charged with violation of the laws of this state an opportunity to go out with a drag to search for witnesses to establish irregularities in proceedings. When persons object to any proceedings in the courts that require proof to be made, they should have their proof ready when the time arrives for the presentation thereof, or be able to and make a clear showing that they are entitled to delay through no fault of theirs after the exercise of proper diligence. There is no diligence shown by this record. The action of the court below will be sustained.

Appellant filed a motion to set aside the information on the

ground that the person verifying it did not have positive knowledge of the acts set forth in the information. The court properly overruled the motion of the appellant. The case of *Moss v. State,* 4 Okla. Cr. 260, 111 Pac. 950, lays down the correct rule in this respect. We think the proof in this case sustains the verification. The attorneys for the appellant in their brief urge that the body of the oath says that "Wess Horn, being duly sworn, etc.," and the same is signed, "J. W. Horn," with no proof in the record that Wess Horn and J. W. Horn are one and the same person. This question was not raised on the trial, and it will be assumed that J. W. Horn and Wess Horn were one and the same person. If they were not, the appellant could have shown this on the trial, and his rights would thereby have been saved. The appellant had ample opportunity to protect himself in this respect if he had been prejudiced thereby. .

Counsel next urges that the verdict of the jury is not supported by the evidence. With this objection we cannot agree. The witnesses testified that appellant had a grip of whisky and on cross-examination stated that the bottles were labeled whisky, that it looked red, and looked like whisky. There is no proof in the record which would raise the slightest doubt, much less a reasonable doubt, as to this point. The question was submitted to the jury on the proof, and the jury found that it was whisky, and we think correctly so.

The appellant raises the further question that the information in this case charged the whisky was conveyed from one place in Jefferson county, to the county attorney unknown, to a point near the Stewart Hotel, in the city of Waurika, in said county, They contend that the proof in this case shows that the whisky was carried from near the rear of a certain barber shop, and that the county attorney knew this. We cannot agree with this contention. The proof in this record shows the witness first saw the appellant near that barber shop. He was already carrying the whisky, and there is nothing to show where he originally started from. If the proof was conclusive that he got the whisky

at the back end of the barber shop and carried it from that place only to the place alleged in the information, and the county attorney knew this, this contention would be correct, but in view of the fact that the record does not show this, but clearly to our minds shows that the appellant was carrying the whisky from some point unknown to the point alleged in the information, and was first discovered near the rear of this barber shop, we think the appellant's contention is not well taken.

Finding no substantial error in the record, the judgment is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.