## LAMB v. BENNETT.

No. 10073—Opinion Filed March 15, 1921.

(Syllabus)

**Appeal and Error—Review—Questions of Fact—Findings.**

When a jury is waived, and issues, both of law and fact, are submitted to the trial court, its finding will not be disturbed by this court, if there is any evidence reasonably tending to support the same.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by J. W. Bennett against J. A. Lamb to collect broker's commission. Judgment for plaintiff, and defendant brings error. Affirmed.

J. L. Hodge, for plaintiff in error.

R. A. Howard, for defendant in error.

McNEILL, J. This action was filed in the justice of the peace court by J. W. Bennett to collect $64.50 from J. A. Lamb for commission for services as a broker for sale of an oil rig for $1,290. From a judgment in favor of plaintiff in the justice court, an appeal was taken to the district court, where a jury was waived and judgment again rendered for plaintiff for said amount. From said judgment, an appeal is prosecuted to this court. There were only two witnesses testified in the case, plaintiff and defendant.

The assignments of error are general, and raise but one question, the sufficiency of the evidence to support the judgment. Plaintiff testified, in substance, that he was engaged a part of the time in buying and selling leases as a broker and in the brokerage business, and defendant requested him to see if he could find some one to purchase an oil rig; that he wanted $1,290 for the same; that plaintiff secured a Mr. Richards from Dallas, Texas, took him out on two different occasions and showed him the rig, paid the expenses of showing the rig to Mr. Richards, called up the defendant and advised him that Mr. Richards would call and see about the rig. that Mr. Richards went to Mr. Lamb and purchased the rig for $1,290. As to whether Mr. Lamb knew plaintiff was in the brokerage business, the plaintiff testified as follows:

"Oh, he knew I was in it; he knew I was getting leases for Stenier, and he knew I sold leases at the hotel several times. The time he had the Ward stuff he told me if I would get a sale through for that he would give me a commission; that was long before he thought about this rig."

The defendant admitted the sale of the rig to Mr. Richards for $1,290. This case is controlled by a long line of decisions announcing the following principle:

"When a jury is waived, and issues, both of law and fact, are submitted to the trial court, its findings will not be reviewed by this court, if the evidence reasonably tends to support the same." Scott v. Iman, 74 Oklahoma, 176 Pac. 81.

It is sufficient to say that the testimony of the plaintiff is sufficient to support a judgment in his favor. There appears to be no merit in this appeal; neither the question of law presented nor the amount involved.

The judgment of the trial court is therefore affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.