## EVANS v. IRBY et al.

No. 14020—Opinion Filed June 17, 1924.

1. **Appeal and Error—Review—Findings of Fact.**

When a jury is waived and issues of fact submitted to the court, the finding of fact made by the trial court upon conflicting testimony will not be reversed where there is testimony reasonably tending to support such findings.

2. **Compromise and Settlement—Requisites of Compromise.**

A compromise is an agreement between one or more persons who, to avoid a lawsuit, amicably settle their differences on such terms as they can agree on. It is essential to a compromise that there be mutual concessions or yielding of opposing claims.

3. **Attorney and Client—Denial of Attorney's Lien.**

Record examined, and held that section 4102, Comp. Stat. 1921, relating to attorney's lien, is not applicable to the facts disclosed by the record in this case.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Action by J. C. Evans against J. A. Irby and Susie Irby. From judgment in favor of the defendants, plaintiff brings error. Affirmed.

J. H. Stephens and J. C. Evans, for plaintiff in error.

V. H. Anderson and T. L. Blakemore, for defendants in error.

Opinion by PINKHAM, C. This appeal is from a judgment of the superior court of Okmulgee county overruling and denying a motion by plaintiff in error for judgment against defendants in error on an attorney's lien and contract growing out of a cause filed in the said superior court wherein plaintiff in error was attorney of record for Lura Hill and O. C. Hill, as plaintiffs, against defendants in error, J. A. Irby and Susie Irby, defendants, and overruling plaintiffs in error's motion for new trial.

The motion for judgment was filed under the provisions of section 4102, Comp. Stat. 1921, relating to attorney's lien, and alleged that plaintiff in error was employed by said Lura Hill and O. C. Hill to institute and prosecute an action against the said J. A. Irby and Susie Irby, for the cancellation of a certain conveyance held by said J. A. Irby and Susie Irby upon certain land owned by the said Lura Hill and O. C. Hill; that a contract of employment was executed and delivered and filed for record on the 6th day of January, 1922; that on the 10th day of January, 1922, a petition was duly filed, and that said petition was indorsed "Attorney's lien claimed by J. C. Evans attorney for plaintiffs; that on January 12, 1922, the plaintiffs, Lura Hill and O. C. Hill, without the consent of plaintiff in error or notice to plaintiff in error, settled and compromised said action with de-

fendants in error and received in settlement thereof $4 250, and refused to further proceed with said action.

The material facts disclosed by the record are substantially as follows:

Lura Hill and O. C. Hill, plaintiffs in the action referred to, were on and for some time prior to the 30th day of December, 1921, husband and wife. The land in controversy was owned by the said Lura Hill.

On the 31st day of December, 1921, the defendants in error agreed with the said Lura Hill to purchase her land at an agreed price of $5,250. $1,000 was at the time paid to and received by her, whereupon she executed her deed to the land in question with the understanding and agreement that the balance of the purchase price would be paid to her as soon as she furnished a good and merchantable title to the land.

It appears that at the time of this transaction Laura Hill contemplated securing a divorce from her husband, O. C. Hill, and it was not then known whether it would be necessary for O. C. Hill to join with her in the deed. It appears that O. C. Hill, upon learning of this transaction, and being unable to locate his wife, Lura Hill, consulted with the plaintiff in error with reference to having this deed of December 31st canceled. He was advised to find his wife and come with her to the attorney's office, which in a few days thereafter he did, and the contract of employment referred to was entered into on the 6th day of January, 1922, and on the 10th day of January the plaintiff in error, attorney for the Hills, filed their petition to cancel the said deed.

It appears that at about this time Lura Hill and O. C. Hill settled their differences and the contemplated divorce proceeding was abandoned, and it further appears that on the 12th day of January, 1922, Laura Hill and her husband, O. C. Hill executed their conveyance of the 40 acres of land in question to the defendants in error, and then and there received $4,250, being the entire balance due by virtue of the agreement of December 31, 1921.

It is further clearly shown by the record that the defendants in error had no knowledge of the lawsuit instituted by the plaintiff in error on behalf of his clients until the day following the execution of the last deed and the payment by him of the entire purchase price to the clients of the plaintiff in error; and it is further clearly shown by the record that at that time O. C. Hill, who had previously employed the plaintiff in error to institute an action to cancel the deed made by his wife on the 31st day of December 1921, assured the defendants in error that that action would be dismissed, and would cause the defendants in error no disturbance.

It appears that the defendant in error J. A. Irby is an illiterate man, some 70 years of age, unable to read or write, and being assured by Hill that the suit instituted by them would be dismissed he heard no more about the matter until some time in the early part of April, 1922, when he was served with a notice of the motion of plaintiff in error to enforce against his 40 acres the claimed lien for an attorney's fee in the amount of $1 750.

There is a sharp and distinct conflict in the evidence as to what directions, if any, O. C. Hill gave to the plaintiff in error with respect to the bringing of the action against the defendants in error to cancel the first deed executed by his wife, Lura Hill.

The positive testimony of O. C. Hill was to the effect that he employed the plaintiff in error and had him prepare the papers for the suit, but directed him to hold the papers and not commence the action until he instructed him to do so; that he, Hill, would see the defendants in error and that if they carried the deal through as they had agreed with his wife and made payment of the purchase price agreed to be paid, he would not file the suit, and that if he learned that the defendants in error did not intend to do so he would inform the plaintiff in error, whereupon the suit should be filed.

He further testified that he never at any time directed the plaintiff in error to file the suit, and did not know of the filing of the same until the day after the execution of the last deed to the defendants in error, and the money for the land was all paid over.

The plaintiff in error denied that he had any directions not to file the suit until further advised by the Hills or either of them.

The judgment of the trial court involves a finding that the plaintiff in error was advised by one of his clients not to file the action until they had learned whether or not the defendants in error intended to comply with their agreement to pay the balance of the purchase price of the land in question.

"Where a jury is waived and issues of fact submitted to the court the finding of fact made by the trial court upon conflicting testimony will not be reversed by the Supreme Court where there is testimony

reasonably tending to support such finding." Meagher v. Harjo, 70 Okla. 206, 179 Pac. 757; Lamb v. Bennett, 81 Okla. 41. 176 Pac. 543.

"Where contention arises in an action pending in the trial court as to whether an attorney of record in the case was authorized to so appear by the party for whom he entered appearance, and testimony is heard by the court on that issue, and decision rendered thereon, this court will not disturb the findings and rulings of the trial court therein." Glenn et al. v. Payne et al., 48 Okla. 196, 149 Pac. 1151.

The statute invoked by the plaintiff in error contemplates that a compromise and settlement has been made between the attorney's client and the adverse litigant, in which event such adverse party shall thereupon become liable to such attorney for the fee due him or to become due him under his contract of employment.

In view of the facts disclosed by the record in this case, it cannot, we think, be said that there was any compromise entered into between the defendants in error and the clients of the plaintiff in error respecting the purchase of the 40 acres of land in question.

It is clear that there was no compromise of any kind or character between Lura Hill, the owner of this land, and the defendants in error concerning their transaction. There were no differences existing between them to be settled by a lawsuit.

"A compromise is an agreement between one or more persons who, to avoid a lawsuit, amicably settle their differences on such terms as they can agree on. It is essential to a compromise that there be mutual concessions or yielding of opposing claims. * * *" 12 C. J. 314.

The defendants in error, it is clear, knew nothing of any difference or dispute or controversy, and so far as they were concerned there was nothing to compromise. They were at all times ready, able, and willing to carry out the full terms of the agreement, and did so in every particular.

To give the statute relied upon by the plaintiff in error the construction contended for, thereby rendering defendants in error liable for the payment of $1,750 attorney's fee, upon the state of facts shown in the record before us, would result in placing a burden upon innocent persons not contemplated by the statute nor supported by any decision of this court to which our attention has been directed.

As a further reason why plaintiff in error is not entitled to recover from the defendants in error, it is clearly shown that the deed which he sought to have canceled never became operative as a conveyance, and that the action instituted by the plaintiff in error for the purpose of canceling such deed was an unnecessary proceeding.

Upon the whole record, we are of the opinion the judgment of the trial court should be affirmed.

By the Court: It is so ordered.