## HOUSER et al. v. IVEY.

No. 16837—Opinion Filed July 13, 1926.

1. Trial—Verdict—Sufficiency — Action on Note.

In an action for the principal, interest, and attorney fees due upon promissory notes, where the amount which the plaintiff is entitled to recover, if at all, is fixed by the terms of the instruments sued upon, and the only issue presented by the pleadings is the question as to the liability of the defendants on such instruments, a verdict for "the amount sued upon" is sufficient to support a judgment.

2. Appeal and Error—Discretion of Court —Reopening Case.

It is within the discretion of the trial court to permit a party to withdraw his announcement of rest for the purpose of introducing evidence upon some point not already covered by proof, and such ruling will not be disturbed in this court in the absence of an abuse of such discretion.

3. Same—Discretion as to Continuance.

The granting or refusing of an application for a continuance rests largely in the

discretion of the trial court, and its ruling will not be disturbed in this court in the absence of a showing that such discretion was abused.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by J. T. Ivey against H. B. Houser, S. J. Hawkins, and Wallace Doolin. Judgment for plaintiff, and defendants appeal. Affirmed.

Streeter Speakman, for plaintiffs in error.

John M. Stanley and Wayne H. Lasater, for defendant in error.

Opinion by DICKSON, C. On the 9th day of July, 1923, the plaintiff commenced an action in the district court of Creek county against H. B. Houser, S. J. Hawkins, and Wallace Doolin, defendants, upon two promissory notes, which the plaintiff alleged were executed and delivered to him by said defendants for value. Copies of said notes were attached to and made a part of plaintiff's petition. To this petition the defendants jointly filed an unverified answer, setting up several defenses to said promissory notes. The plaintiff filed a reply putting in issue the affirmative allegations contained in the answer. Several months after the pleadings had been made up, an amended answer was filed in said cause consisting of: (1) A general denial; (2) specifically denied that the notes sued upon were signed or delivered by the defendant Wallace Doolin; (3) the defendants alleged that said notes were given to the plaintiff for an unlawful consideration, namely, for an interest in a gambling business and gambling paraphernalia, and therefore void; (4) that at the time said notes were executed by said defendants, there was no rate of interest provided for therein, and that after said notes were assigned and delivered they were materially altered by inserting therein the provision for 7 per cent. interest. This amended answer was verified by the defendant Wallace Doolin, but was not signed by his attorney, or the attorney for the other defendants, and it does not appear from the record that leave of court was had for the filing thereof or that any notice of said amendment was served upon the plaintiff.

On March 11, 1925, the case came on for trial before the court and jury. H. B. Houser having died, the case was dismissed as to him. On the trial, over the objection of the defendants, the plaintiff introduced in evidence the notes sued upon and rested. The defendants demurred to the evidence, and this demurrer being overruled, the plaintiff was called as a witness on the part of the defendants. The testimony of this witness was to the effect that the notes in suit were delivered to him by the defendants for a valuable consideration, and on cross-examination this witness testified that the consideration for which said notes were delivered to him was the purchase price of certain real estate at or near Oklahoma City. At the conclusion of the testimony of this witness, both sides rested, and the defendant Wallace Doolin moved the court

"to a verdict in favor of the defendant Wallace Doolin, and against the plaintiff in this case; and for grounds of the motion states that Wallace Doolin has filed herein a verified answer, denying under oath that he signed the note in question. There is no proof before this court or this jury that the note was signed by Wallace Doolin, and for such reason the defendant Wallace Doolin is now entitled to an instructed verdict."

It appears that neither the plaintiff nor the court was aware of the filing of the amended answer until this stage of the proceedings was reached. The plaintiff asked leave of the court to reopen the case and introduce his evidence as to the execution and delivery of the notes. The defendant Wallace Doolin objected, which objection was overruled and exception was reserved. The defendant Doolin then asked for a continuance, which was denied. The plaintiff thereupon introduced his evidence tending to establish the execution of the note in suit by the defendant Doolin. No further evidence was introduced, and the court instructed the jury, in effect, to return a verdict for the plaintiff and against the defendant S. J. Hawkins, and submitted the case to the jury upon the question as to whether or not the notes sued upon were executed and delivered by the defendant Wallace Doolin; no exceptions were saved to this instruction. The verdict was in these words:

"We, the jury, impaneled and sworn, in the above entitled cause, do upon our oaths, find for the plaintiff against S. J. Hawkins and Wallace Doolin for the amount sued for."

The defendants excepted to this verdict, and within three days filed a motion for a new trial, which was overruled and an exception reserved.

The defendants have appealed to this court, and while there are several assignments of error, the only propositions relied

upon for a reversal are: (1) The insufficiency of the verdict. (2) That the court erred in permitting the case to be reopened and refusing to grant a continuance to the defendant Wallace Doolin. (3) That the evidence is insufficient to support the verdict as against the defendant S. J. Hawkins.

Section 554, C. O. S. 1921, provides:

"When, by the verdict, either party is entitled to recover money of the adverse party, the jury, in their verdict, must assess the amount of recovery."

In the case at bar the suit was upon promissory notes, the amount of principal, interest, and attorney fees; the amount that the plaintiff was entitled to recover, if anything, was fixed by these notes. The plaintiff prayed judgment for the principal, interest, and attorney fees due thereon, and the verdict was for the amount sued for. It was competent for the court to make the computation and render judgment for the amount found to be due. Gartner v. Hays et al. (Kan.) 222 Pac. 72; 38 Cyc. 1879.

There was no error committed in reopening the case and permitting the plaintiff to introduce further evidence. The verified answer, so far as the record goes, was filed out of time and without leave of court, and the trial was proceeded with to the close without the attention of the court or opposing counsel being called to the fact that the verified answer had been filed. It is suggested by the defendant Doolin that the case should have been continued, in order to give him time to attend the trial. A sufficient answer to this is, neither of the defendants appeared at the trial, and the defendants' counsel declined to state that he desired to use the defendant Doolin as a witness to deny his signature to these notes at the time the court had the request for a continuance under consideration. And there is no suggestion that he was in any way prejudiced.

It is next contended that the case be reversed as to the defendant S. J. Hawkins, for the reason that there was no evidence offered tending to prove that said defendant executed the notes sued upon. This appears to be an afterthought. At the close of the evidence the attorney for the defendants moved for an instructed verdict upon the specific grounds that the defendant Wallace Doolin had filed a verified answer denying under oath that he signed the notes in question. No claim was made during the trial that this amended and verified answer was filed by or in behalf of the defendant S. J. Hawkins, and the case was tried as to him

upon the original and unverified answer, which admitted the execution of the notes sued upon. Section 287, C. O. S. 1921.

An examination of the entire record discloses no reversible error, and very little merit in this appeal. The judgment is affirmed.

The plaintiffs in error having executed a supersedeas bond with T. E. Mann and W. E. Gage as sureties, conditioned as required by law, and the defendant in error having moved for judgment on said supersedeas bond, judgment is therefore entered in this court in favor of the plaintiff, J. T. Ivey, and against the sureties on said bond, T. E. Mann and W. E. Gage, in the sum of $2,097.74, together with interest on $1,907.04 of said sum at the rate of 7 per cent. per annum from March 11, 1925, till paid, and with interest on the sum of $190.70 at the rate of six per cent. per annum from March 11, 1925, till paid, and costs.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1880. (2) 4 C. J. p. 819 §2789; 2 R. C. L. p. 216. (3) 4 C. J. p. 809 §2780; 2 R. C. L. p. 219; 1 R. C. L. Supp. p. 454.