## SAMPSON et al. v. LINDLEY et al.

No. 16383—Opinion Filed July 27, 1926.

Rehearing Denied Sept. 21, 1926.

(Syllabus.)

**1. Appeal and Error—Discretion of Trial Court—Continuance.**

The granting of a continuance is largely a matter within the discretion of the trial court, and the action of the trial court in refusing a continuance will not be reversed on appeal unless there was a clear abuse of discretion.

**2. Appeal and Error—Questions of Fact—Conclusiveness of Findings.**

When a jury is waived, and issues, both of law and fact, are submitted to the trial court, its finding will not be disturbed by this court, if there is any evidence reasonably tending to support the same.

Appeal from District Court, Creek County; John L. Norman, Judge.

Action by Walter Sampson and John Sampson against Florence Lindley, Fred Caswell, Oklahoma Natural Gas Company, and Empire Gas & Fuel Company. Judgment for defendants, and plaintiffs appeal. Affirmed.

Lafayette Walker, for plaintiffs in error.

Lytle & Field, for defendant in error Florence Lindley.

Chas. C. Julien. Hayes McCoy. and H. O Caster, for defendant in error Empire Gas & Fuel Company.

PHELPS, J. This action was originally filed in the district court of Creek county on the 22nd day of May, 1924, by Walter Sampson and John Sampson against the defendants in error here, who were defendants below, for possession of and to quiet title to an undivided one-half interest in certain lands allotted to one Timmie Benjamin, a deceased full-blood Creek Indian. There is no dispute that the land in question was the allotment of Timmie Benjamin, deceased, that he was a full-blood Creek Indian, nor as to his residence and death, but it is contended by plaintiffs that they were heirs at law and were entitled to inherit a one-half interest in such allotment.

After the issues were joined the cause was regularly set for trial on the 29th day of October, 1924, and plaintiffs objected to going to trial at that time and asked for a continuance of the cause upon the grounds that prior to the filing of this action proceedings had been instituted in the county court of Okmulgee county to determine who the heirs of Timmie Benjamin, deceased, were, and that such proceeding was still pending. The motion for continuance was overruled, and at the conclusion of the trial judgment was rendered for defendants.

Plaintiffs in error particularly complain of the action of the trial court in overruling their motion for continuance, and also contend that the court erred in rendering judgment for defendants.

The record shows that a proceeding was filed in the county court of Okmulgee county to determine who the heirs of Timmie Benjamin were, and that on February 19, 1923, that court entered its decree of heirship, from which an appeal was prosecuted to the superior court of Okmulgee county, which appeal was filed on May 12, 1923. On March 1, 1924, the parties to that proceeding filed their stipulation for dismissal of said appeal, and agreeing therein:

"That the judgment of the county court of Okmulgee county, in said above matter, shall in all respects become final."

It will be observed that the original decree of heirship was made by the county court on the 19th day of February, 1923, and that the stipulation to dismiss the appeal was filed in the superior court on March 1, 1924. The cause at bar was filed in the district court of Creek county on May 22, 1924, and while this action was still pending in the Creek county district court plaintiffs in error herein, Walter Sampson and John Sampson, on June 14, 1924, filed in the county court of Okmulgee county their ap-

pearance and motion to be heard in the original heirship proceeding instituted in that court, and upon such appearance and application an order was made by the court permitting them

"To set out and file their claim as heirs of said decedent, Timmie Benjamin, to the end that testimony may be heard as to their said claim."

When this case was called for trial plaintiffs asked that the cause be continued until the Okmulgee county court disposed of the matter there. Claiming that the court erred in not granting the continuance asked for, they cite Miller v. Huser, 76 Okla. 130, 184 Pac. 113, but, as we view it, the questions decided in that case are so different from the question here that we cannot consider it as authority here. There the question of jurisdiction was under consideration, while here only a question of procedure is involved. As a general proposition the granting or refusing to grant a continuance appeals to the sound judicial discretion of the court, and the decision of the trial court upon such question will not be disturbed by this court unless it appears that the trial court was guilty of abuse of such discretion. Alva Roller Mills v. Simmons, 74 Okla. 314, 185 Pac. 76; Johnston v. Shaffer, 96 Okla. 236, 221 Pac. 748.

And, where the party complaining, as in this case, files his cause in the district court and afterwards makes his application to have the same questions passed on by the county court of a different county, he is in no position to complain if his case is tried in the regular way when reached in its order on the docket.

The proceeding to determine heirship was filed in the county court of Okmulgee county in pursuance of the Act of Congress of June 14, 1918 (chapter 101, 40 U. S. Stats. at L. 606, 1918), which provide, among other things, that:

"If any person so served by publication does not appear and move to be heard within six months from the date of the final order, he shall be concluded equally with parties personally served or voluntarily appearing."

And it is the contention of defendants in error that, since the county court's decree was entered on February 19, 1923, the case appealed to the superior court by some of the interested parties, and the stipulation to dismiss was filed on March 1, 1924, that the original decree of the county court became effective as of its original date, and since plaintiffs in error did not enter their appearance in the county court until June 14, 1924,

that the decree became final and the heirship of Timmie Benjamin fully adjudicated more than six months prior to the time plaintiffs entered their appearance; that they were precluded by such decree from being heard. And in the journal entry of the judgment appealed from in this case we find the following language:

"The court finds that the matters and facts and things raised by plaintiffs' petition have been formerly adjudicated and finally determined, to wit, that on the 19th day of February, 1923, there was rendered in proceedings there pending, a decree in the county court of Okmulgee county. That said county court of Okmulgee county is the court having jurisdiction of the settlement of the estate of the said Timmie Benjamin, deceased, and that by said decree the heirship of him, the said Timmie Benjamin, was fully adjudicated and finally determined."

Of this contention of defendants and this finding of the court, plaintiffs in error bitterly complain, claiming in the first place that there is no order upon the records of the superior court showing the dismissal of the heirship proceeding in obedience to the stipulation filed therein, nor any record of the case having been remanded to the county court, and further claiming that even should it be determined that the appeal was dismissed according to the stipulation, that the time for the six months period in which plaintiff may enter his appearance began to run from the date of the dismissal of the appeal in the superior court rather than the date of the decree of the county court.

In view of the record in this case, the finding of the court above quoted and a discussion of the question therein disposed of, is unnecessary, for the reason that following that finding we find this statement in the journal entry:

"The court finds the issues herein in favor of defendants and against the plaintiffs."

The journal entry recites that:

"A jury was waived in open court by all the parties."

The court heard evidence and, as last above quoted, found the issues in favor of the defendants, and if it be conceded that the court committed error in finding that the heirship proceeding had been "fully adjudicated and finally determined," but further found the issues from the evidence in favor of the defendants, the first finding could be nothing more nor less than surplusage, and unless we can say that there is prejudicial error in the court's finding upon the issues, the judgment will not be disturbed. We have examined the evidence introduced and cannot say that it does not amply support the judgment of the court, and under the well-settled rule that, where there is any evidence reasonably tending to support the judgment of the court it will not be disturbed on appeal, and the evidence supporting the judgment being abundant, we deem a lengthy discussion of the facts or the evidence unnecessary. Lamb v. Bennett, 81 Okla. 41, 196 Pac. 543; Evans v. Irby et al., 100 Okla. 60, 227 Pac. 433.

The judgment of the trial court is affirmed.

BRANSON, V. C. J., and HARRISON, MASON, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 809 §2780; 6 R. C. L. p. 544; 2 R. C. L. Supp. p. 153; 4 R. C. L. Supp. p. 425; 5 R. C. L. Supp. p. 354. (2) 4 C. J. p. 879 §2853; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. p. 90; 5 R. C. L. Supp. p. 79.