### KNAPP v. COM'RS OF LAND OFFICE.

No. 19308.    Opinion Filed Oct. 22, 1929.

Joseph Taggart, Roscoe Bell, and Fred D. Price, for plaintiffs in error.

George E. Merritt, for defendant in error.

RILEY, J. This is an appeal from an order of the district court of Kay county, dismissing the appeal of plaintiff in error for want of prosecution, from an order of the Commission of the Land Office, approving the appraisement as made by appraisers appointed by said Commissioners to appraise common schools and other state lands for rental purposes.

The land in question is described as the S.E.¼ of section 13, twp. 26 north, range I west I. M., Kay county, Okla. It was appraised by three such appraisers at $5,500, and the appraisement filed with said Com-

missioners; from this appraisement Mr. Knapp appealed to the Commissioners of the Land Office under section 9391, C. O. S. 1921, and on September 8, 1925, the Commissioners overruled the protest of Knapp and approved the appraisement as made. Knapp gave notice under section 9394, C. O. S. 1821, of his appeal to the district court of Kay county. The record was certified by the Secretary to the Commissioners of the Land Office to the district court of Kay county on the 12th day of October, 1925. On January 24, 1928, said court entered an order setting the appeal for trial on the 29th day of February, 1928. Thereupon the matter came on for hearing. Mr. Knapp appeared pro se and filed application for continuance supported by an affidavit and based upon the ground that Joseph F. Taggert, his attorney, who resided in Oklahoma City, was "prior to and since the said case had been set for trial in this court" absent from the state and could not be located, and that the said attorney possessed certain documentary evidence vital to the issues involved, which documents consisted of affiant's lease contract, including the original lease on the premises from the United States government. Due diligence was alleged and conclusion was made that it was impossible to proceed to trial in the absence of said attorney and such evidence as he possessed.

The trial court overruled the motion for continuance, but continued the cause until a later hour upon the same day, at which time plaintiff in error appeared with Mr. Huffbauer as his attorney and renewed his motion for continuance, which was again overruled for insufficiency. Whereupon plaintiff in error declined to proceed further, and as heretofore stated the appeal was dismissed.

Plaintiff in error argues that no appeal lies from the action of the Land Commissioners for that they acted in a ministerial capacity and did not exercise judicial functions. The defendant in error agrees to dismissal, but we observe by section 9391, C. O. S. 1921, an appeal is provided to the Commissioners from such an appraisement, and an appeal is provided by section 9394, to the district court. We see no benefit to plaintiff in error by urging the finality of the appraisement as made, and lest we misunderstand his contention, we decide this appeal upon other grounds.

The first and second specifications of error are argued together upon the alleged ground of the arbitrary action of the trial court in dismissing the cause and denying application for continuance.

Section 9394, supra, provides for trial de novo in the district court of such an appeal. The issue was the value of the land. The documentary evidence mentioned in the motion for continuance had no bearing upon the value at the time of trial. Such evidence was immaterial.

The absence of an attorney employed in the case is not necessarily grounds for a continuance.

Generally speaking, the granting or refusing of a continuance rests largely within the sound discretion of the trial court, and its ruling will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. Houser v. Ivey, 119 Okla. 42, 249 Pac. 141; Sampson v. Lindley, 121 Okla. 252, 249 Pac. 285; Columbia Nat. Life Ins. Co. v. Wirthle, 73 Okla. 302, 176 Pac. 406; Standifer v. Sullivan, 30 Okla. 365, 120 Pac. 624.

The third and last specification of error concerns the jurisdiction of the trial court as to the appealed cause, but as heretofore indicated, we can see no benefit to appellant in that contention. The matter was considered adversely to him in Wilhite v. Cruce, 70 Okla. 70, 172 Pac. 962, and Magnolia v. Price, 86 Okla. 105, 206 Pac. 1033.

Judgment affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, HUNT, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

By the Court: It is so ordered.

Note.—See under (1) 6 R. C. L. p. 544; R. C. L. Perm. Supp. p. 1760. See "Appeal and Error," 4 C. J. §2780, p. 809, n. 32. "Continuances," 13 C. J. § 4, p. 123, n. 14; §48, p. 144, n. 85.