## OKLAHOMA STATE BANK OF ADA v. MITCHELL.

No. 26919. April 6, 1937.

L. H. Harrell and A. M. Kerr, for plaintiff in error.

W. F. Schulte, for defendant in error.

PHELPS, J. J. D. Jackson sold to L. T. Mitchell a tract of land covered by an oil lease, which provided that the annual delay rentals should be paid on the 15th of November, and designated the Oklahoma State Bank of Ada as the depository to which such delay rentals should be paid.

It appears that the parties did not notify the lessee of the change in ownership of the land, and the lessee sent the 1933 delay rental to the bank with instructions to credit such rental to J. D. Jackson. It further appears that Jackson owed the bank, his indebtedness being represented by his note held by the bank, and when the delay rental was received the bank credited the same on Jackson's note. When Mitchell ascertained that the delay rental had been paid by the lessee, he demanded that the bank turn the money over to him, and upon its refusal to do so brought suit in the justice of the peace court, where he obtained judgment against the bank in the sum of $76.61 with interest. The bank appealed to the county court of Pontotoc county, where Mitchell again obtained judgment, and the bank appeals to this court.

It is contended by the bank that it had no notice of the change in ownership of the land and that when the lessee paid the money to the bank it had the right to credit it upon Jackson's note, assuming that he was still the owner of the land. The evidence was conflicting, and the trial court found that the bank had notice, both by information conveyed to its officers and also by the recordation of plaintiff's deed, and on this point there is ample evidence to sustain the trial court's finding.

It appears that when the case was called for trial the plaintiff had no attorney and he proceeded to try his own case, over the objection of defendant's attorney, and defendant, which is the plaintiff in error here, contends that the trial court committed prejudicial error in permitting the plaintiff to try his own case for the reason that the trial court was inclined to be sympathetic with the plaintiff and would feel called upon to, in a measure, assist plaintiff in the conduct of the trial. However, counsel for plaintiff in error do not point out in any particular wherein their rights were prejudiced by any remark or ruling of the trial judge. They base their claim for reversal upon the proposition that section 4255, O. S. 1931, prevents any person from practicing law unless he is a member of the State Bar. It is the contention of counsel for defendant in error that what the plaintiff did in this case did not come within the designation of practicing law within the contemplation of this act; that a litigant has a right to represent himself in litigation in which he is interested.

As we view it, it is unnecessary to dispose of this contention, for the law nowhere prescribes that a judgment may be reversed because the prevailing party was represented by one not authorized to practice law.

Section 4257, O. S. 1931, provides that it is a misdemeanor for one not a member of the State Bar to practice law. It does not follow, however, that a valid judgment may not be rendered by the trial court merely because the prevailing party is represented by one not authorized to practice law.

Plaintiff in error further contends that the court erred in admitting incompetent and irrelevant testimony, and in refusing to make Jackson a party defendant, but examination of the record indicates that no substantial right of the plaintiff in error was prejudicially affected.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON and HURST, JJ., concur.