## ROURKE v. MYERS.

No. 28481.   Nov. 22, 1938.

S. A. Rourke and Will H. Chappell, for plaintiff in error.

M. M. Thomas and John H. Halley, for defendant in error.

HURST, J.  On January 10, 1935, plaintiff, S. A. Rourke, filed an action in the district court of Oklahoma county seeking to recover damages for assault and battery upon his person at the hand of defendant, Cliff Myers.  Previously, plaintiff had filed suit in the federal court upon the same cause of action, alleging diversity of citizenship, but upon hearing had thereon, the case was there dismissed for lack of jurisdiction.  In this cause, on February 20, 1936, defendant filed a motion to make more definite and certain by requiring that plaintiff attach to his petition a copy of the federal court proceedings, and on March 25, 1937, the motion was sustained.  Subsequently, defendant filed a motion to dismiss the action for want of prosecution, which was denied, conditioned upon plaintiff complying with the court's order requiring a copy of the federal court proceedings to be attached to the petition.  Compliance was made with this order on May 11, 1937, when plaintiff filed an amended petition with the federal court proceedings attached as exhibits.  On June 22, 1937, defendant filed his answer.  It appears that except for one motion all pleadings filed by plaintiff were signed by himself without representation by counsel.  On September 3, 1937, the court ordered the case set for trial on September 15th.  On the day set for the trial, plaintiff filed a verified motion to strike the case from the trial docket and asked for a reasonable time within which to reply.  It was therein alleged that plaintiff is not an attorney and had no notice that the case had been set for trial until September 10th and had not been furnished with a copy of the answer until September 11th; that the answer contained affirmative allegations to which it was necessary to reply; that since learning of the setting of the case for trial, he consulted an attorney for the purpose of employing him, but was advised that it was impossible for the case to be properly prepared and presented within the time allowed, and the attorney declined to accept the employment under such circumstances.  He further alleged that it was impossible to obtain service of process upon his witnesses.  The minutes of the court disclose that on September 15th the case was passed over to the next day, September 16th, and on that day the case was again continued to September 20th.

On September 20th, plaintiff filed a verified motion for continuance wherein he alleged that he had been unable to obtain counsel in Oklahoma county until September 19, 1937, when he employed Hon. Will H. Chappell, who agreed to represent plaintiff, provided he could get the court to continue the case until September 27th.  Attached to the motion was a letter addressed to the trial judge in this action and signed by Mr. Chappell which reads as follows:

"I have a case set for trial at Okmulgee

and must leave on the first bus Monday morning (September 20, 1937). Will be detained in Okmulgee until Thursday evening. It would convenience me very much if this case could go over until Monday the 27th when I can be present to conduct the trial. Otherwise I will not be able to appear in the case."

Although set for September 20th, it appears that the cause came on for trial on September 21st. Plaintiff was present in person, but was not represented by counsel. Considerable conversation ensued, mostly between plaintiff and the trial court, but in so far as is pertinent to this appeal, the following is the substance of what transpired: Plaintiff stated that at the suggestion of the trial court the day before, he had telegraphed Mr. Chappell, but was unable to locate him. He admitted that he had not issued any subpoenas because he wanted to wait to see what disposition was going to be made of the case. The trial court reminded plaintiff of his advice to him the week before to obtain counsel, and recalled plaintiff's suggestion that he might get an attorney from Tulsa county. Plaintiff stated that he could not get an attorney from Oklahoma county to represent him because the defendant was court clerk, and that plaintiff did not feel equal to presenting the matter himself; that he did not get the attorney from Tulsa county because he thought he could employ a local firm, and then he negotiated with Mr. Chappell. The court ordered plaintiff to proceed, and a jury was impaneled. Plaintiff orally moved for a continuance and introduced another letter from Mr. Chappell to the trial judge, dated September 20th, stating that he was then leaving for Okmulgee and "if the case is continued to Monday I will enter my appearance and be ready for trial." The motion was denied on the ground that Mr. Chappell's explanation was insufficient and that plaintiff gave no sufficient reason for not being ready with an attorney or witnesses. Plaintiff then moved to quash the entire jury panel on the ground that the defendant, as court clerk, selects the juries. The court thereupon requested plaintiff to submit evidence, or he would give him time to do so if he desired, regarding this motion. Upon plaintiff's statement that he was not prepared to present such evidence, the motion was denied. Plaintiff thereupon orally moved for change of venue, and an opportunity was given to dictate the motion into the record. No evidence was offered in support thereof. Thereupon, this motion was also denied. The court then proceeded with an examination of the jurors and the jury was selected, plaintiff not challenging any

particular jurors, but making a general objection regarding the method of their selection. Plaintiff then refused to proceed further, and the court discharged the jury and dismissed the case.

Plaintiff brings this appeal and presents eight assignments of error, but does not support his contentions with citations of any adjudicated cases. We will, however, consider the contentions made.

■ The first assignment of error is that the court erred in requiring plaintiff to attach to his petition copies of the federal court proceedings, "under threat of dismissal." The case was not dismissed because of the contents of the petition as amended. Therefore, the error, if any, is harmless. Section 3206, O. S. 1931 (22 Okla. St. Ann. sec. 1068).

■ The second and third assignments of error deal with the refusal of the trial court to grant a continuance. The crux of the matter is that plaintiff sought a continuance on the ground that he was unable to obtain counsel to represent him, unless the case was passed until a time when Mr. Chappell could accept the employment. Mr. Chappell was employed as plaintiff's counsel only conditionally. The inability to obtain counsel is not a statutory ground for continuance, as such, and therefore the granting or refusing of the motion on that ground rests largely within the sound discretion of the trial court, and its judgment thereon will not be reversed on appeal, without a showing of abuse of such discretion. See Knapp v. State Land Commissioners (1929) 139 Okla. 164, 281 P. 773; Pool v. Riegal (1915) 46 Okla. 5, 147 P. 1193; Jones v. Thompson (1916) 55 Okla. 24, 154 P. 1139. Let us view the case most favorably toward plaintiff. Assume that the showing of Mr. Chappell's inability to be present is sufficient. Assume, further, that plaintiff could obtain no counsel from Oklahoma City, as he testified. But there is no showing of any attempt to get counsel from any other county. The case had been pending for several years, during which time plaintiff apparently represented himself. If it was his desire to do this, it was his duty to keep up with the docket. The answer was filed in June. In September the case was set for trial 12 days hence. Representing himself, due diligence would require that he apprise himself of these matters of record. It appears that during the week prior to the trial plaintiff was advised by the trial judge to obtain counsel, and an attorney from Tulsa county was discussed. Plaintiff's only reason for not employing counsel from Tulsa

county is his statement that he was encouraged in his attempt to obtain a local firm. We think it is regrettable that plaintiff, by neglecting to timely employ counsel, lost the opportunity of presenting his case on the merits, but we cannot reverse the judgment of the trial court in disregard of settled legal principles. We know of no theory upon which it can be said that the action of the trial court was arbitrary and constituted an abuse of discretion.

Plaintiff's fourth assignment of error is that "the court erred in forcing plaintiff in error to trial in said cause before a jury drawn by the defendant in error as court clerk." We think it sufficient to say regarding this assignment of error that plaintiff declined to present any evidence upon request by the court and there is nothing to show that the jury was not selected as provided by law. The burden was on plaintiff to establish his contention, and in the absence of any evidence, the motion to set aside the jury panel was properly denied. Munn v. State (1911) 5 Okla. Cr. 245, 114 P. 272.

There is no merit in plaintiff's fifth assignment of error, to the effect that the court erred in permitting plaintiff to represent himself, or in offering to assist him. Neither is there any merit in the sixth assignment of error, wherein it is contended that the court refused to permit plaintiff an opportunity to prepare a motion for change of venue. The record discloses that such opportunity was given.

Under the seventh assignment of error it is contended that the court had no authority to dismiss the case upon plaintiff's refusal to proceed further. Suffice it to say that it was proper to dismiss the cause for want of prosecution under these circumstances. Knapp v. State Land Commissioners, supra. The matters complained of under the eighth assignment of error have heretofore been discussed.

Judgment affirmed.

OSBORN, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.