JEFFERSON v. BRITISH AMERICAN OIL PRODUCING CO. et al.

No. 31277. Dec. 14, 1943.

Rehearing Denied Feb. 1, 1944.

Application for Leave to File Second Petition for Rehearing Denied Feb. 15, 1944.

*145 P. 2d 387.*

Capp Jefferson, of Oklahoma City, pro se.

T. Murray Robinson and Earl Pruet, both of Oklahoma City, for defendants in error.

GIBSON, V. C. J. This is an action to quiet title to an oil and gas leasehold on a certain drilling area in Oklahoma City, and to determine the ownership of certain town lots in said area, to the end that plaintiffs might properly pay to the nonassenting owners thereof their bonuses as fixed with respect to such lots by former decree of court granting plaintiffs a permit to drill in said area.

From a judgment and decree quieting plaintiffs' title in and to said lease-

hold, and fixing the interests of the non-assenting lot owners, one of the defendants, Capp Jefferson, has appealed.

On June 30, 1941, the plaintiffs filed an application with the building superintendent of Oklahoma City as provided by ordinance for a permit to drill a well for oil and gas on blocks 9 and 16 in Military addition to Oklahoma City. Plaintiffs did not own an oil and gas lease on all the lots in said blocks. It was therefore necessary, by reason of the provisions of the city ordinance, for them to proceed to the board of adjustment with their application, where the nonassenting, or nonleasing, lot owners might have an opportunity to lodge their protests against the application.

Certain interested parties, among them the defendant Jefferson, appeared and entered their protests. The board found, however, that plaintiffs were the owners of an oil and gas lease on more than 51 per cent of the drilling block, the minimum acreage required by ordinance in such case, and granted the permit. Jefferson and certain others, being dissatisfied with the action of the board, appealed to district court as authorized by law (11 O. S. 1941 § 408).

At the trial on appeal in district court Jefferson appeared and dismissed his protest and his appeal from the order of the board of adjustment. After hearing on the remaining protests the court ordered that a permit issue to plaintiffs, and fixed the amount of bonus to be measured by the square foot of ground owned by each nonassenting owner. The decree also provided that the nonassenting lot owners might, in the alternative, elect to participate in the operations under certain conditions as usually applied in such case.

The record herein discloses that the decree of the district court on appeal fixed the bonuses, royalties, and other rights in the same amounts and form as did the order of the board there appealed from.

The procedure to obtain a permit to drill for oil and gas within the corporate limits of Oklahoma City, and the judicial processes for determining and adjudicating the rights, privileges, and obligations of the interested parties in those areas zoned for oil and gas development, have been fairly well defined and settled by former decisions of this court. We therefore deem it unnecessary to give extended discussion of those matters here. See Amis v. Bryan Petroleum Corp., 185 Okla. 206, 90 P. 2d 936, and cases there cited.

Defendant Jefferson represents himself on this appeal, as he did at the trial. He says he is not an attorney, and therefore looks to this court for aid in the protection of his constitutional rights as a citizen. And such is his right.

Although this court has exclusive authority to pass upon the fitness and qualifications of applicants for admission to practice law in this state (5 O. S. 1941 § 12), the general rule is that a litigant may appear as counsel in his own behalf whether a member of the bar or not. 6 C. J. 570. See, also, Oklahoma State Bank of Ada v. Mitchell, 179 Okla. 567, 66 P. 2d 920; Rourke v. Myers, 184 Okla. 46, 84 P. 2d 639. And the courts are open to every person, where he shall be afforded a speedy and certain remedy for every wrong, whether to his person or property; and right and justice must be administered in all cases. Art. 2, sec. 6, Const.

We are aware of no statutory restriction upon the power of the court to guide a litigant in the presentation of his cause or defense, so long as the legal rights of the opposing party are not prejudiced thereby. But that function of the court extends as well to the party who appears by counsel as it does to one who appears without counsel.

A litigant, whether represented by counsel or not, must set forth his demands or defenses. If those demands or defenses are properly stated and pursued, he will be protected in them. But if they are without foundation in law, they cannot in any event be sustained.

The court cannot revise, formulate, and present them for the litigant.

The defendant's principal complaint is directed at the permit to drill the well and at the procedure leading up to the same. In other words, in a collateral proceeding, he attacks the order of the board of adjustment and the decree of the district court, and asserts his belief that the order of the board or the decree of 'the court on appeal therefrom has resulted in judicial coercion against him in that he has, in effect, been compelled to recognize as valid a lease on his property against his will, and for a consideration not acceptable to him, and has thus been deprived of his property without due process of law.

However, defendant finds no great fault with the decree here appealed from so far as it determines his interest in the realty, but, he says, the decree, like the one in the former case, compels him to accept a consideration to which he has not agreed.

Why defendant dismissed his protest and his appeal in the former case, we do not know. He now seems to believe that the permit was wholly void. But, so far as we are able to ascertain, the procedure was entirely regular and resulted in a valid permit to plaintiffs.

To extend a lease in such a fashion to lands not incorporated therein does present an anomalous or unusual legal situation. But this court has held on numerous occasions that rights under such leases may be so extended by proper legal procedure for the protection of all parties, pursuant to the police powers of the city. Amis v. Bryan Petroleum Corp., supra.

The defendant on behalf of himself dismissed his protest and thus permitted the order of the board of adjustment to stand, and he dismissed his appeal in district court. He has pointed to no fatal defect in that order, and we can find none. The permit must therefore stand.

Since questions of title and the extent of ownership in the property may not be tried in the proceedings to obtain a permit to drill (Reinhart & Donovan Co. v. Refiners' Production Co., 175 Okla. 522, 53 P. 2d 1116), plaintiffs were entitled to maintain this action to determine the parties to whom they were indebted for the bonuses, etc., and to quiet title to the lease.

We find no error    The judgment is therefore affirmed.

CORN, C.J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur. BAYLESS, WELCH, and ARNOLD, JJ., absent.