PERRY JOURNAL CO. v. SHAW.

No. 34088.   May 8, 1951.

*231 P. 2d 369.*

Al. T. Singletary, Perry, for plaintiff in error.

Judson H. Pierce, Perry, for defendant in error.

CORN, J.  Plaintiff brought suit in the justice court to recover $52.76 alleged to be due under a written contract whereby defendant agreed to purchase newspaper advertising space. Judgment was rendered for plaintiff, and defendant appealed to the district court where, by agreement of the parties, the case was heard by the court upon a stipulation of facts.

The pertinent portions of the contract sued upon were substantially as follows: Plaintiff, publisher of the Perry Daily Journal, entered into a written contract with defendant for the primary term of one year, beginning December 1, 1945. Under such contract defendant agreed to purchase two column inches of advertising daily at a rate of 43 cents per inch, payable by the 10th day of the month following purchase. If, during the term of the agreement, or any extension thereof, defendant purchased 90 per cent of all his advertising used in the county from plaintiff, he was to be allowed a discount of seven cents per column inch. Upon failure to purchase the required 90 per cent, or for other specified breaches of the agreement, plaintiff was given the option to declare same at an end and bill defendant for the seven cents discount for all advertising space used while the agreement was in force, and this amount was to be accepted as liquidated damages for breach of contract. In the event defendant failed to use all advertising space called for under the contract, he was bound to pay for that actually used at a rate of 56 cents per column inch. The contract contained other provisions not material herein, and concluded:

"It is agreed that this agreement is entered into for a term of one year and at the expiration of each year or term shall renew itself for a like period unless 90 days before the expiration of such year or term either party shall give written notice to the other party of a desire to terminate this agreement."

The parties stipulated that defendant purchased the required amount of advertising for the twelve months period and paid for same at the 36 cent rate, but submitted no advertising after December 1, 1946, although plaintiff was ready and willing to print any advertising submitted; defendant did all his advertising with plaintiff during the term of the contract. No written notice of termination was given, but early in 1946 the defendant orally advised one of plaintiff's officers that he had no intention of renewing the contract. Demand for payment had been made by plaintiff and refused by defendant. No payments had been made on the amount claimed to be due, and plaintiff had

listed same for intangible taxes. At times defendant failed to furnish new advertising copy and plaintiff would reprint ads previously printed. Defendant's check for the balance due for the year at the 36 cent rate was accepted and cashed by plaintiff eleven days after expiration of the primary term of the contract.

After consideration of the matter, the trial court held the agreement was a yearly contract and that defendant had complied with the terms thereof; having complied with provisions as to giving plaintiff 90 per cent of his advertising, and having paid for same, defendant had complied with the terms of the agreement; the notice of intention to terminate the contract which defendant gave plaintiff was sufficient, and no liability existed against defendant over into the new year. Upon such findings judgment was rendered for defendant.

The plaintiff contends that the oral notice was insufficient to terminate the contract, and when defendant ceased to furnish the advertising copy to be printed in plaintiff's paper each day, the terms of the contract were violated and defendant thereby lost the right to receive the 36 cent rate, and became obligated to pay the 43 cent rate for all advertising used, it being agreed that the difference involved amounted to $52.76. The stipulated facts reflect that defendant fulfilled every requirement prerequisite to gaining the benefit of the 36 cent rate. Thus, reduced to its simplest form, plaintiff's contention is that, because defendant did not give written notice of his intention to terminate the contract, plaintiff thereby became entitled to claim a forfeiture of the seven cent discount per column inch allowed defendant under the contract.

To sustain such argument, plaintiff cites Star-Chronicle Pub. Co. v. United Press Ass'n, 204 F. 217, and Berwick Hotel Co. v. Vaughn, 300 Pa. 389, 150 A. 613, 71 A.L.R. 1340. The decision in each of these cases turned upon the proposition that the notice given was insufficient to constitute notice of termination of the particular contract; and, under such circumstances, the defendant, in each instance, was held liable for the amount due for services furnished subsequent to the primary term of the contract. Neither case is authority for the plaintiff's contention that failure to give proper notice of intention to terminate the contract operated retroactively so as to permit charging a greater rate for services furnished during the initial term.

In construing written contracts the rule is settled that the agreement must be construed as a whole, giving effect to all parts of the contract where reasonably possible to do so, and courts will not supply or read into a contract words or terms not contained therein. Oklahoma Southern Life Ins. Co. v. Mantz, 191 Okla. 515, 131 P. 2d 70.

This contract contains no language to support the interpretation contended for by plaintiff. The terms of the agreement, after providing for the manner in which defendant could avail himself of the seven cent discount, were that for any other violation of the terms thereof plaintiff had the option to declare the agreement null and void. To reach the result urged by plaintiff, such language would have to be read in connection with the closing paragraph, above quoted, and held to mean that failure to give the written notice constituted a present breach of the contract. Such an interpretation would be contrary to the clearly expressed intention of the parties that the initial term of the contract was for one year, which would be renewed for a like period unless one of the parties gave the written notice of intention to terminate the agreement.

The rule likewise is settled that the conduct of the parties may be shown to establish the interpretation placed upon the contract by the parties themselves. McDowell v. Droz, 179 Okla. 119, 64 P. 2d 1210. The evidence showed that both parties considered the contract to be for the initial period of one year.

During this period defendant supplied copy which plaintiff printed, and for which payment was accepted at the agreed discount rate. This course of business continued, even after defendant had given oral notice of his intention to terminate the contract, and upon the basis of their conduct it is evident the parties did not consider that any breach of the contract had taken place. Such conduct could result only from the fact that both parties interpreted the contract to mean that the breaches referred to could only be violations of the existing contract, and that the provision for notice of termination related solely to a subsequent term.

Judgment affirmed.

LUTTRELL, V. C. J., and WELCH, GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.