Nora B. FREELING, Administratrix of the
Estate of Pat H. Freeling, Deceased,
Plaintiff in Error,

v.

Otis WOOD and Jessie Ray Turner,
Defendants in Error.

No. 38601.

Supreme Court of Oklahoma.

May 16, 1961.

William W. Bailey, Vinita, Arnote, Bratton & Allford, McAlester, by William W. Bailey, Vinita, for plaintiff in error.

A. James Gordon, McAlester, for defendants in error.

IRWIN, Justice.

On January 11, 1946, a written partnership agreement was entered into between Otis Wood, Jessie Ray Turner and Pat H. Freeling to operate a drug store. The agreement contained a provision relating to how the surviving partners could acquire the entire business in the event of death of one of the partners.

Pat H. Freeling died on February 8, 1958, and the surviving partners tendered to the administratrix of his estate an amount determined by them to be due under the agreement for the interest of the decedent. This amount was refused by the administratrix and the surviving partners brought this action to determine the value of the interest theretofore owned by Pat. H. Freeling.

The trial court, inter alia, found and rendered judgment accordingly that (1) under the partnership agreement it was not contemplated by the partners nor did the agreement provide that good will would be considered as an asset of the partnership business in arriving at the value of the interest of Pat H. Freeling, deceased partner, and that the administratrix is not entitled to recover from the plaintiffs any amount on account of good will of the business and (2) the value of all furniture and fixtures of the partnership business as the same had been depreciated was, at the time of death of Pat H. Freeling, the fair, cash, market value of such furniture and fixtures.

Although the value of other assets of the partnership were litigated, the administratrix's appeal relates to only the two items above set forth. In this connection, she contends that (1) the good will of the partnership is an asset to the partnership property and should be accounted for and the trial court erred in not fixing the value of the good will of the partnership, and (2) the depreciated value of the furniture and fixtures is not a proper valuation to be placed upon the property.

The partnership agreement provides, inter alia, that the partnership shall be for a period of twenty years unless sooner terminated. It further provides for the cost of establishing the business and the repayment thereof until the entire amount had been paid in full. The agreement then provides, "Thereafter the said business, and all of the stock, fixtures, appliances and good will shall be owned jointly and equally by the three partners to this agreement."

The agreement further provides how a partner could dissolve the partnership and "on the dissolution of said partnership either party may make in writing, an offer to the other parties, of the price at which he will buy the interest of the others, or sell to them his own interest; and such other parties shall thereupon, within fifteen days, signify and elect whether they will buy or sell at such price; * * *"

Paragraph 12 provides:

"It is agreed that upon the death of a partner, the surviving partners, together with the administrator or legal representative of the estate of the deceased partner, shall cause to be made a true and correct inventory of the *assets* and *stock of the partnership* and also of the liabilities thereof, and the surviving partners shall thereupon

cause to be paid to such legal representative or the heirs of the deceased partner within six months after said inventory has been completed, one-third of the *net value* of said partnership property, liabilities having been deducted, and shall further pay one-third of the profits accumulated since the date of the last division of profits among the partners, and such legal representative, or heirs, upon payment of said amounts, shall release and acknowledge satisfaction in writing to said surviving partners from all demands and claims of the estate of said deceased partner against said partnership. This provision shall be binding upon and extend to the heirs, executors and administrators of the parties hereto." (Emphasis ours.)

We shall first consider the administratrix's contention that the trial court erred in holding that the value of all the furniture and fixtures as the same had been depreciated, was at the date of death of Pat H. Freeling, the fair, cash, market value of such furniture and fixtures.

■ The parties agreed that the matter would be tried to the court without the intervention of a jury. It is well established that in jury-waived civil law actions a judgment will not be disturbed on appeal in absence of legal errors if there is any competent evidence reasonably tending to support the trial court's conclusion. See Givens v. Western Paving Co., Okl., 261 P.2d 450.

■ In the instant case the trial court concluded that the fair, cash, market value of the furniture and fixtures was the same as the depreciated value. The evidence was in conflict as to the fair, cash, market value of the furniture and fixtures but there is competent evidence reasonably tending to support the trial court's conclusions. The fact that the trial court held the fair, cash, market value of the furniture and fixtures was the same as the depreciated value does not establish, nor does it indicate, that the depreciated value was

not also the fair, cash, market value of the furniture and fixtures. We therefore can not sustain administratrix's contention that the trial court erred in determining the fair, cash, market value of the furniture and fixtures.

We shall now consider the contention that the trial court erred in holding that the good will of the partnership is not an asset of the partnership in determining the value of the interest of Pat H. Freeling, deceased partner.

■ "Good Will" has been defined as the custom or patronage of any established trade or business; the benefit or advantage of having established a business and secured its patronage by the public. See Black's Law Dictionary, Third Edition. The "good will" value of any business is the value that results from the probability that old customers will continue to trade with an established concern. Title 15 O.S. 1951 § 218, recognizes that the good will of a business may be sold.

In 24 Am.Jur. Sec. 4, at page 804, it is stated:

"While good will is in its nature intangible, it is uniformly recognized that it is a species of property and constitutes a valuable asset of the business of which it is a part, * * *."

In Rosen v. Martin, 102 Okl. 65, 226 P. 577, 581, we said:

"The various definitions of 'good will' leave no doubt that it is merely an intangible asset pertaining to an established business * * *."

■ We shall now determine, if under the partnership agreement, the good will of the partnership is an asset in ascertaining the value of a deceased partner's interest. In construing the partnership agreement we must be cognizant of a certain statutory provision relating to contracts. Title 15 O.S.1951 § 157 provides:

"The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable,

each clause helping to interpret the other."

In Perry Journal Co. v. Shaw, 204 Okl. 479, 231 P.2d 369, we held:

"The courts will not make over a written legal contract, nor enlarge or diminish rights or liabilities clearly and specifically provided therein."

Therefore, we shall examine the pertinent provisions of the entire partnership agreement to ascertain the interests and rights of each of the partners during the existence of the partnership, and such interests and rights in the event of voluntary dissolution of the partnership during the lifetime of all the partners; and paragraph 12, which relates to dissolution in the event of death of one of the partners, to ascertain if such paragraph enlarges or diminishes such rights and interests.

■ The partnership agreement recognized that good will was a part of the partnership business as the agreement specifically provided that " * * * the said business, and all of the stock, fixtures, appliances and *good will* shall be owned jointly and equally by the three partners to the agreement." And, if a partner desired to dissolve the partnership, the value of such partner's share was not limited to one-third the value of the stock, fixtures, appliances, etc., but such partner was entitled to set a value at which he would buy the interest of the other two partners or sell to them his own interest. Without question, if the partnership had been dissolved voluntarily during the lifetime of all the partners, the good will of the partnership would have been a valuable asset, although an intangible asset, and would have been a factor in determining the value of the business.

Did the partnership agreement enlarge the value of the interest of surviving partners, in the event of death of one of the partners, and diminish the value of the interest of the deceased partner? We do not construe paragraph 12, which is the only paragraph relating to dissolution of the partnership in the event of death of a part-

ner, as having this effect. Nor do we find any language in the entire partnership agreement which would in any manner indicate that the partners intended to diminish the value of their respective interests in case of death.

Paragraph 12, specifically provided "the surviving partners * * * shall cause to be made a true and correct inventory of the assets * * * and the surviving partners shall thereupon cause to be paid * * * to the heirs of the deceased partner * * * one-third of the net value of said partnership property, * * *." An almost identical provision was construed by the Supreme Court of Louisiana in the case of Succession of Conway, 215 La. 819, 41 So.2d 729, and that court held:

"The good will of a partnership is as much an 'asset' as the fixtures and any other tangible property belonging to the partnership, and it is 'property' recognized and protected by law as such, and capable of sale and transfer from one owner to another."

"Where partnership agreement provided that in event of death of any partner, an accounting should be made of his share of the capital and 'effects' of the partnership, that a valuation should be made of such 'assets' or 'effects' requiring valuation, and on payment of such amount by the surviving partners, share of deceased partner in partnership 'property' and 'effects' should go to surviving partners, good will of partnership business would be considered in fixing valuation of deceased partner's interest."

The fact that the good will of the partnership was not listed on the books of the partnership as an asset is not controlling. In 38 C.J.S. Good Will § 2, page 951, it is stated:

" * * * The existence of good will is not negatived by omission to carry it on the books of the business at a certain valuation."

**1065**

In Succession of Jurisich, 224 La. 325, 69 So.2d 361, 363, the Supreme Court of Louisiana said:

> "We recognize that good will is often, as alleged here, a very valuable asset of a business. It represents the value of the business over and above the value of its physical property. It is not considered good accounting however, to set up on the books of a business the value of good will, for there is no justification for setting up this intangible asset until after the good will is purchased or sold. This is the procedure that is usually followed in accounting practice. See Eggleston, Auditing Procedure (Wiley Accounting Series, 2d Ed.) Sec. 239, p. 192; Graham and Katz, Accounting in Law Practice, (2d Ed.) Sec. 184, p. 279."

See also Commissioner of Corporations and Taxation v. Ford Motor Co., 308 Mass. 558, 33 N.E.2d 318, 139 A.L.R. 936; Helvering v. Security Savings & Commercial Bank, 4 Cir., 72 F.2d 874.

We therefore conclude and hold that the trial court erred in determining and adjudging that under the partnership agreement the good will of the partnership would not be considered an asset of the partnership in determining the value of the interest of Pat H. Freeling, deceased partner.

Inasmuch as the errors complained of relate only to the value of the furniture and fixtures owned by the partnership, and whether or not the good will of the partnership should be considered in determining the value of the interest of Pat H. Freeling, deceased partner, in and to the partnership; and inasmuch as we have held the trial court did not err in determining the value of the furniture and fixtures but did err in not considering the good will of the business in determining the value; there is actually only one issue to be resolved, and that is, the value, if any, of the interest of Pat H. Freeling, deceased partner, in and to the good will of the partnership.

Therefore, the judgment of the trial court is reversed and remanded with directions to the trial court to grant a new trial and determine the value, if any, of the interest of Pat H. Freeling, deceased partner, in the good will of the partnership business. The trial court is further directed to add such value to the value of interest which did not include the item of good will, and render judgment accordingly.

Reversed and remanded with directions.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.

WILLIAMS, C. J., concurs in part, dissents in part.

WELCH, J., dissents.