Russell SANDERS, Don Peeples, Bruce Glenn, Roberts Zolper, Howard P. McBride, Arthur W. Larsen, Harry J. Bledsoe, John S. Kloppenstein, William Glenn Bennett, Thomas W. Ridgway, Jr., and James Kirkpatrick, Plaintiffs in Error,

v.

N. Ben McCAMMON, Defendant in Error.

No. 39193.

Supreme Court of Oklahoma.

Oct. 17, 1961.

W. L. Funk, Grady Holloway, by W. L. Funk, Oklahoma City, for plaintiffs in error.

Thomas E. Bennett, Oklahoma City, for defendant in error.

BLACKBIRD, Vice·Chief Justice.

This is an action for injunctive relief brought by Russell Sanders et al. against N. Ben McCammon. The action was brought by a group commonly interested in enforcing lot restrictions in West Nichols Hills Addition. Defendant is the owner of Lot 1 in Block 109, Nichols Hills Suburban Tract. This tract was platted as an addition to Nichols Hills. The Nichols Hills Company filed plat restrictions and therein listed certain blocks which did not include Block 109. The plat restrictions contained the following provision:

> "The erection of only one dwelling or house shall be permitted on each lot unless written permission is given by the company for the erection of more."

On July 15, 1937, G. A. Nichols, Inc., executed a deed to Nichols-Chandler Company. This conveyed Blocks 109, 110, 111 and 112. It is from this conveyance that defendant derived his title to Lot 1 in Block 109. This deed contained a statement that the conveyances were subject to the restrictive covenants then of record.

The evidence discloses that the defendant intends to divide Lot 1 into seven lots with a house or dwelling built on each lot. The defendant took two positions in the trial court. First, it is argued that the restriction to one dwelling did not apply to the blocks in the warranty deed executed July 15, 1937. Second, it is contended there had been an abandonment of the plan and purpose to limit the building of but one dwelling or residence to a lot. For the purpose of establishing the abandonment of the plan to build one dwelling on a lot, defendant offered evidence, which was undisputed, that Lot 46 in Block 109 was subdivided into four lots containing one dwelling on each lot. In addition thereto it was shown that Block 110 had been subdivided so that dwellings have been built on lots therein having a frontage of 50 to 55 feet and a depth of 65 to 70 feet. There was also evidence that Blocks 111 and 112 have houses built on multiple subdivisions of the original lots.

The trial court in its judgment did not make a specific finding of fact, or conclusion of law, but entered an order gen-

erally denying the injunction. In Southwest Petroleum Co. v. Logan, 180 Okl. 477, 71 P.2d 759, this court stated:

"In determining whether a court of equity should refuse to enforce valid restrictions on the use of real property because of change of conditions of the surrounding property, the test is whether the original purpose and intention of the parties creating the restrictions has been so destroyed by the changed conditions, without fault on the part of those who seek to be relieved, that the restrictions are no longer of substantial benefit to the residents, and the original purpose cannot be reasonably effected by granting equitable relief. Each case must be decided on the equities as they are presented."

See, also, Trotter v. Loum, Okl., 321 P.2d 651.

We are of the opinion that the evidence discloses that there was no compliance with the restrictive covenants as to one dwelling on a lot in Blocks 109, 110, 111 and 112. We hold the evidence discloses an abandonment of the plan to have but one residence or dwelling on each lot.

In Wood v. Knox, Okl., 277 P.2d 982, it is stated:

"Where plat restrictions prohibited retail merchandising businesses in residential area but area has become occupied with other businesses, and partially surrounded by businesses including those prohibited, and by such intrusion the primary purposes of said restrictions, that is to preserve such area, * * * have been practically destroyed, a court of equity may refuse to enforce such restrictions."

We are of the opinion and hold that the trial court did not err in refusing the injunctive relief.

In Wood v. Knox, supra, it is stated:

"In a case of purely equitable cognizance, the decision of the trial court on the evidence will not be reversed unless against the clear weight thereof."

During the trial of the case the defendant, who had filed a general denial, asked leave to amend his answer by including the defense of abandonment. This trial amendment was allowed over the objection of plaintiffs. We find no error in this respect. Tit. 12 O.S.1951 § 317, and the cases construing this section allow the trial court a wide discretion in amendments of pleadings either before or at the time of trial. In this connection see Burton v. Harn, 195 Okl. 232, 156 P.2d 618.

The plaintiffs made no attempt to continue the case or obtain a delay on the ground of surprise. The record fails to disclose any abuse of discretion in the action of the trial court.

The holding herein as to the departure from the original plans renders it unnecessary to discuss whether the original reservation covered the lot in question or any other question presented by the plaintiff in error.

The order denying the injunction is affirmed.

WELCH, DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., concurs in result.