Beulah E. NOYES, Plaintiff in Error,

v.

Anna McDONNELL et al., Defendants in Error,

Paul G. Darrough et al., Intervenors.

No. 40595.

Supreme Court of Oklahoma.

Jan. 26, 1965.

Phil E. Daugherty, Ames, Daugherty, Bynum, Black, Ashabranner & Rogers, Oklahoma City, for plaintiff in error.

E. P. Ledbetter, Oklahoma City, for defendants in error.

John H. Porter, Oklahoma City, for George F. Wilkinson and Ruby Wilkinson, intervenors in error.

Byrne A. Bowman, Oklahoma City, pro se and for Nancy K. Bowman, intervenors in error.

Darrough & Darrough, by Paul G. Darrough, Oklahoma City, for Paul G. Darrough and Margaret Darrough, intervenors in error.

Caldwell & Warren, Oklahoma City, for Doris E. Garrett, H. J. Garrett, Chas. G. Anderson and Maurine Anderson, Rodney Janeway, Mr. and Mrs. Paul Davis, Mr. and Mrs. Dency Henly, Henry Kamp, Gordon Johnston, Mrs. P. B. Tibbs, Robert H. Warren and Mary M. Warren, intervenors in error.

R. C. Jopling, Jr., Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Oklahoma City, for John S. Norris and A. B. Norris, intervenors in error.

Hal S. Whitten, Whitten & Whitten, Oklahoma City, for James A. Cullimore and G. Cullimore, intervenors in error.

JOHNSON, Justice.

The plaintiff in error, Beulah E. Noyes, hereafter referred to as plaintiff, as the owner of Lots 1, 2, 3 and 4 in Block 19, Putnam Heights Addition to Oklahoma City, Oklahoma, filed suit naming as defendants seven property owners in such addition. This addition consists of three blocks, to-wit: 19, 20 and 21, and was platted by Military Park Development Com-

pany by instrument dated September 28, 1907 and recorded November 6, 1907.

Under the dedication of this addition, which consists only of the three blocks mentioned, there is a plat restriction which reads as follows:

"Third: No more than one building shall be erected or placed upon any one lot facing Classen Boulevard. No building on any lot in this Addition shall ever be used or occupied for any purpose except for that of private residence exclusively, nor shall any part or portion thereof ever be used or occupied for trade or business of any kind whatsoever without a special permit in writting from grantor herein."

It is concerning this plat restriction that this suit deals. The plaintiff filed this quiet title action against a representative number of property owners in the addition to determine her rights to erect an apartment house on her property. Her cause of action is based upon two contentions:

1. That the restriction above quoted does not prohibit such use of the property.

2. That if it does so, there has been a change of condition which justifies the desired use.

■■ A strange situation exists in this action. The trial court permitted many property owners in adjacent additions to intervene herein and urge either the sustaining of plaintiff's position or the defeat thereof. We are of the opinion that the general character of the neighborhood may be considered as bearing upon the determination of the questions involved, but that property owners outside of the addition involved have no standing in court to either contend for plaintiff's position or urge the defeat thereof. There is no privity of contract between these property owners and the dedicator of the addition.

■ That a plat restriction is a covenant running with the land cannot be disputed. Such a covenant to be enforceable must contain certain qualifications which

are listed in 21 C.J.S. Covenants § 54, at page 923, as follows:

" * * * The essentials of such a covenant have been stated to be that the grantor and grantee must have intended that the covenant run with the land; the covenant must affect or concern the land with which it runs; and there must be privity of estate between the party claiming the benefit and the party who rests under the burden. * * *"

The last element is entirely missing insofar as any of the intervenors who own property outside of the involved addition. In support of the text cited in C.J.S., supra, cases are cited from New York, Connecticut, Ohio, Pennsylvania, United States, Alabama, Georgia, Kentucky, Maryland and Oregon.

■ There is a further objection to the determination of any rights outside of this particular addition. The intervenors have entered this lawsuit one at a time seeking to have their rights adjudged. Insofar as they seek to have plat restrictions invalidated in other additions, these endeavors are not adversary proceedings. There is no representative class of adversaries in other additions so as to make such a judgment binding. Therefore, the trial court would be wholly without power to enter any judgment binding upon properties outside of the one described in plaintiff's petition. As to that addition there was a representative class of defendants and as to such property this is an adversary proceeding.

Objection was urged in the trial court to the permitting of these outside parties to intervene, but this objection was overruled by the trial court. Regardless of the correctness of this ruling, we shall consider the arguments of the intervenors herein as briefs amicus curiae on behalf of their respective contentions, but shall disregard any endeavor to determine rights outside of the particular area involved in the original action.

The three blocks included in this addition are located on the east side of Classen Boulevard in Oklahoma City, Block 19 beginning at 36th Street and Block 21 being bordered on the north by 39th Street. Block 19, the southernmost one in the addition in question, has no buildings of any character facing on Classen Boulevard. Block 20 has one residence; the balance of the lots facing on Classen Boulevard being vacant. Block 21, the northernmost area of the addition, is built up solidly on the Classen side.

In disposing of the contentions involved, we shall adopt the following course:

1. Any judgment entered in this cause shall be limited to the specific property of plaintiff and shall in no wise determine the legal status of any other property.

2. The operation of a business is not involved in the relief sought by plaintiff; hence, any judgment entered herein will not deal with that phase but will be limited strictly to the question of the right to erect an apartment house.

3. We do not deem it necessary to consider the exact meaning of the terms of the restrictive covenant but shall confine our discussion to two phases only, to-wit: the interpretation given by the interested parties and the changed conditions which have ensued since 1907.

The undisputed facts in the record disclose that (a) all of that portion of Block 21 facing on Classen Boulevard is occupied by buildings erected in violation of the restriction; namely, multi-family dwellings, and in some instances with more than one building on a single lot; (b) that a portion of such violations have existed for more than fifty years, without objection; (c) that immediately south of Block 19 is a fire department station; (d) that Classen Boulevard is a main thoroughfare with a traffic count of about 26,000 vehicles in a twenty-four hour period and having a forty mile speed limit; (e) that no property owner in the involved addition, whose property faces on Classen Boulevard, objects to the proposed construction; (f) that there are other areas in the vicinity which have been liberated from similar restrictions by court orders.

■ It is well settled in this jurisdiction that this court may void the restrictions covering a portion of a block without invalidating the covenant's application to the entire block or addition. See Wood et al. v. Knox et al., Okl., 277 P.2d 982, wherein the judgment was confined to one-half of the block. In that case, in stating what the trial court had done, we said:

"The trial court found in favor of defendants, denied plaintiffs' petition for injunction and decreed that the north half of Block 12 might be used for the business of retail merchandising. The judgment was confined to the one-half block area, and left the plat restrictions in force as to the remainder of the addition. Plaintiffs' motion for new trial was overruled and they appeal."

This judgment was affirmed.

■ There are four elements in this case which confirm us in our conclusion that the use of the property involved should no longer be confined to one-family residences. These are:

1. The location of a fire station almost immediately across 36th Street from the property.

2. The location of numerous multi-family residences along Classen Boulevard for a long period of time.

3. The tremendous traffic count in front of this property.

4. The breaking of like restrictions on nearby properties by judgment of the court.

It is obvious that the establishment of a fire station across the street from proposed residential property lessens the desirability of such property for that purpose.

In the addition involved herein, the entire west half of Block 21 has been oc-

cupied for a long period of time by multi-family dwellings. In the case of Sanders v. McCammon, Okl., 365 P.2d 730, we said in the body of the opinion:

"We are of the opinion that the evidence discloses that there was no compliance with the restrictive covenants as to one dwelling on a lot in Blocks 109, 110, 111 and 112. We hold the evidence discloses an abandonment of the plan to have but one residence or dwelling on each lot."

A large apartment house on Block 21 in this addition has been there for more than fifty years, and in the intervening years a number of duplex houses have been built in said addition. This has all occurred without objection. Not only does it appear that there has never been any attempt to prevent multi-family dwellings, but it appears that the restriction has been construed by action of the parties involved. It should be borne in mind that no attempt is being made to conduct a business on this property, but only to construct residential property for more than one family.

A plat restriction, as with any other form of doubtful contract, is subject to interpretation by the parties as to whether this particular restriction quoted, supra, forbids a multi-family dwelling. It has been interpreted by the interested parties and determined that such a residence is not a violation of the restriction.

Among the numerous cases from this court interpreting contracts found in ⚖️170 (1) of the Oklahoma Digest under Contracts are the following: McDowell v. Droz, 179 Okl. 119, 64 P.2d 1210, and Perry Journal Co. v. Shaw, 204 Okl. 479, 231 P.2d 369.

The first paragraph of the syllabus in McDowell v. Droz, supra, reads as follows:

"Where it becomes a question of what the agreement of the parties was, the conduct of the parties may be proven to establish the interpretation

placed on the agreement by the parties[1] themselves. The mutual interpretation of contracts affords cogent evidence of their meaning."

The second paragraph of the syllabus of Perry Journal Co. v. Shaw, supra, reads as follows:

"The chief object in construing contracts is to ascertain the intention of the contracting parties, and subsequent acts and conduct of the parties may be considered in arriving at the intention."

While it is true that this court has said that traffic alone is not such a change of condition as to justify the breaking of restrictions, in this case it is combined with other elements. Furthermore, it is possible that the traffic count might in some cases reach a saturation point, in which case it might be held that such a condition would destroy all desirability for single family dwellings. It is not necessary to so hold in this case, but the traffic count is extremely high, to-wit: 26,000 vehicles in a twenty-four hour period. That such evidence may be properly considered is beyond dispute. See Van Meter v. Manion, 170 Okl. 81, 38 P.2d 557.

Again, the record shows that certain lots in adjacent additions, to-wit: Lots in Block 40, Putnam Heights Addition, and in Blocks 56 and 57, Putnam Heights Second Addition, have had the restrictions lifted by judgments of the District Court of Oklahoma County.

We are therefore of the opinion that the use of the property involved should no longer be confined to one-family residences, but such holding does not lessen or remove the restrictions against business contained in the plat restrictions and in no wise affects the restrictions upon any other real property other than that of the plaintiff.

The judgment of the trial court is reversed with directions to enter judgment

in conformity with the views herein expressed.

JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.

HALLEY, C. J., and DAVISON, J., dissent.