BILL H. WALMSLEY, Judge. |! Peter Brave and Marie Brave own a very successful restaurant in Little Rock called Brave, Incorporated d/b/a Brave New Restaurant (hereafter, BNR). When the parties divorced after twenty-two years of marriage, Peter was ordered to pay $420,000 for Marie’s interest in BNR. In a subsequent order following Peter’s request for additional findings, the trial court found that the restaurant held goodwill that was corporate and, consequently, marital property. Peter raises two points on appeal: 1) the trial court erred in failing to find that the restaurant’s goodwill was personal goodwill and thus non-marital property, and 2) the trial court erred by “double dipping” into his future earnings when it both divided the goodwill and awarded alimony. We agree with Peter’s first point, and therefore reverse and 12remand.[1] At the time the parties met, Peter was working as a chef at the Capital Hotel, and Marie was employed as a waitress there. The parties married and, in August 1991, opened BNR. Peter testified that he creates and executes the menu at BNR and that his job is to know what the customers want. The parties agreed that, while Peter worked in the kitchen, Marie handled the “front end” of the business, including scheduling staff and ordering liquor for the restaurant. According to Peter, although Marie was very helpful in the beginning, she became less involved after their two children were born. Peter testified that Marie was no longer involved in operating the restaurant once it moved to its current location in 2000. Both Peter and Marie offered expert real-estate appraisers who gave their opinions as to the value of the restaurant space. Peter also introduced testimony from Gus Dobbs, a business consultant employed by the Braves to handle accounting and payroll for BNR. Dobbs asserted that BNR’s goodwill amounted to $819,057; however, Dobbs also testified that the business itself could not be separated from Peter because, “In a very real sense, the business is Peter Brave. The whole business is his personality.” Dobbs described BNR as a unique operation in a hard-to-find location and stated that Peter simply could not be replaced. Dobbs further testified that he would not say whether the goodwill of the business was professional (marital) or personal (non-marital). In the divorce decree, the trial court found that the value of the real estate for the | Sbusiness entity was $495,000 and that the value of BNR, including the furniture, fixtures, goodwill, and equipment, was $895,000. The trial court then deducted debt of $550,000 and concluded that the net value of the business, including the real property, was $840,000. The trial court awarded Marie $420,000 for her interest in the restaurant and later ruled that the goodwill in BNR was corporate goodwill and therefore marital property and that Marie was entitled to one-half. With respect to the division of property in a divorce case, we review the trial judge’s findings of fact and affirm them unless they are clearly erroneous. Cole v. Cole, 89 Ark.App. 134, 201 S.W.3d 21 (2005). A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id. The Arkansas Supreme Court has held that, for goodwill to be marital property, it must be a business asset with value independent of the presence or reputation of a particular individual. Wilson v. Wilson, 294 Ark. 194, 741 S.W.2d 640 (1987). In other words, it must be an asset that may be sold, transferred, conveyed, or pledged. Id. Whether goodwill is marital property is a fact question and a party, to establish goodwill as marital property and divisible as such, must produce evidence establishing the salability or marketability of that goodwill as a business asset. Id. Any value that attaches to the entity solely as a result of personal goodwill represents nothing more than probable future earning capacity, which, although relevant in determining alimony, is nót a proper consideration in dividing marital property in a divorce proceeding. Tortorich v. Tortorich, 50 Ark.App. 114, 902 S.W.2d 247 (1995). “The Tortorich and Wilson cases confirm that the burden is on the party who seeks todisestablish goodwill as a marital asset to produce convincing proof delineating between professional goodwill on the one hand and personal goodwill on the other.” Williams v. Williams, 82 Ark.App. 294, 314, 108 S.W.3d 629, 642 (2003). Arkansas has not recognized personal goodwill in a non-professional business; however, under the unique facts of this particular case, we are extending the concept to BNR because Peter’s presence is essential to the success of the restaurant.[2] The trial judge credited Dobbs’s testimony and appeared to recognize that there was what amounts to personal goodwill in BNR. The trial judge commented, “I think [Peter] has some goodwill” and “[Peter] has built up goodwill.” The judge stated that the loss of Peter to the restaurant would be “very, very damaging” and agreed that, if Peter left the restaurant, “it would not be the same.” The trial judge also recognized that Marie had contributed very little to the restaurant over the previous ten years and that the success of the restaurant was due to Peter’s hard work. Further, the trial judge stated that she had no basis on which to allocate how much of the restaurant was personal goodwill, as opposed to corporate goodwill. We hold that the trial court clearly erred in finding that Marie sustained her burden of proving that the goodwill in BNR was entirely marital property, given that the evidence showed that the restaurant held personal goodwill attributable to Peter. We do not reach the merits of Peter’s second point because we remand and direct the |fitrial court to determine what portion of BNR’s value was personal goodwill, which is Peter’s separate property, and to divide the remaining marital assets of the business, including the real estate, furniture, fixtures, and equipment. The trial court may then reassess alimony accordingly. Reversed and remanded. GLADWIN, C.J., and WHITEAKER and VAUGHT, JJ., agree. HARRISON and HIXSON, JJ., dissent. . Marie filed a motion to dismiss the appeal; however, we find the motion to be without merit, and it is therefore denied. . Other jurisdictions have recognized personal goodwill in connection with commercial or non-professional business enterprises. See, e.g., McQuay v. McQuay, 217 P.3d 162 (Okla.Civ.App.2009); Bertholet v. Bertholet, 725 N.E.2d 487 (Ind.Ct.App.2000); Hough v. Hough, 793 So.2d 57 (Fla.Dist.Ct.App.2001).